DICKINSON, PRESIDING JUSTICE,
DISSENTING:
¶ 42. The majority and the chancellor justify this inequitable property distribution based on the theory that, had Andrea Carney not been awarded all of the equity in the marital home, she would have been awarded lump-sum alimony. Because Andrea Carney was not entitled to lump-sum alimony, I respectfully dissent.
*444 ¶ 48. This Court has provided that lump-sum alimony can serve two purposes,[4] either to “aid the chancellor in equitably dividing the marital estate under the Ferguson factors,”[5] or “to aid the chancellor in correcting an equitable deficit, resulting from the equitable distribution of the marital estate under the Armstrong factors.”[6] Here, neither purpose was served, so the chancellor should not have awarded Andrea lump-sum alimony.
ÍI44. The chancellor did not use lump-sum alimony to aid in the equitable division of the marital property, and Andrea was not left with a deficit after the distribution of the marital estate. Howard Carney, on the other hand, was left with an extreme deficit, so if anyone was entitled to lump-sum alimony it would have been him. Furthermore, the chancellor found that Andrea’s .monthly income, with child support, amounted to $4,065.04, while Howard’s monthly income amounted to $2,936.60. She also found the both Howard and Andrea have expenses that, exceed their monthly incomes.
¶45. In Cheatham v. Cheatham,[7] this Court stated that whéft awarding lump-sum alimony, “the single most important factor undoubtedly is the disparity of the separate estates.”[8] In her Ferguson analysis, the chancellor found that Andrea had a separate estate consisting of a Smith Barney retirement account with a value of $19,759 and nonmarital furniture with a value of $1,480. She made no findings as to Howard’s separate estate, but he was awarded his 401k worth $7,279.50 and social security benefits with an unknown value. Based on these findings, Andrea had a significantly larger separate estate, which would weigh against her receiving lump-sum alimony.
¶ 46. Because under this Court’s precedent I believe that Andrea Carney was not entitled to lump-sum alimony, I respectfully dissent.
LAMAR, J., JOINS THIS OPINION.

. Davenport v. Davenport, 156 So.3d 231, 240 (Miss. 2014).

. Id.; see Haney v. Haney, 907 So.2d 948 (Miss. 2005).

. Id.; see Rogillio v. Rogillio, 57 So.3d 1246, 1249 (Miss. 2011).

. Cheatham v. Cheatham, 537 So.2d 435, 438 (Miss. 1988).

.Id.